FILED
2021 May-07 PM 04:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| CENT HOLDING COMPANY, LLC,<br>CENT CAPITAL, LLC<br><br>Plaintiffs,<br><br>v.<br><br>WOLFRAM RESEARCH, INC.,<br><br>Defendant. | Case No. 5:21-cv-00418 |

**MEMORANDUM IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION**

Defendant Wolfram Research, Inc. ("Wolfram") respectfully submits this memorandum in opposition to Plaintiffs' Motion for Preliminary Injunction.

## I. INTRODUCTION

In their motion, Plaintiffs seek a broad order enjoining Wolfram (and unspecified others) from, among other things, using "any of Plaintiffs' Trade Secrets or Confidential Information … in violation of the Non-Disclosure Agreement entered into between the parties and/or in violation of the Illinois Trade Secrets Act, the Alabama Trade Secrets Act, and the federal Defend Trade Secrets Act…." Pls.' Mot. (Dkt. 2) at 1-2. Plaintiffs contend this relief is justified based solely on a January 2021 webinar that Wolfram posted on its website (and removed before Plaintiffs filed their motion), despite that the video itself plainly shows that no disclosure of trade secret or confidential information occurred. The webinar is a

how-to presentation describing only the built-in capabilities of the Wolfram Finance Platform (capabilities that existed long before Plaintiffs had any relationship with Wolfram).

Plaintiffs' motion should be denied for several reasons:

1. Plaintiffs' motion fails to provide notice to Wolfram regarding what information Plaintiffs seek to protect, let alone what Wolfram is supposed to do or not do with it. Such injunctive relief is impermissibly vague and cannot be granted as a matter of law.

2. Plaintiffs do not support their motion with evidence sufficient to make a *prima facie* case for preliminary injunctive relief.

3. Plaintiffs' unverified allegations do not establish any of the required elements for preliminary injunctive relief.

4. Several critical allegations made in the Complaint are contradicted by publicly available, incontrovertible facts.

Before filing this response, Wolfram asked Plaintiffs to identify when in the January 2021 webinar they believe a trade secret disclosure occurred. *See* Decl. of Daniel Konieczny in Supp. of Opp. to Mot. for PI ("Konieczny Decl.") ¶¶ 2-4, Ex. 1. Plaintiffs' response failed to identify any purported trade secret disclosure. *See* Konieczny Decl. ¶ 5, Ex. 2. It is evident from their response and from the deficiencies in Plaintiffs' motion and pleadings that Plaintiffs' request for injunctive relief is not made in good faith.

For these reasons and as further stated below, the motion should be denied.

## II. ARGUMENT

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Swain v. Junior*, 961 F.3d 1276, 1284 (11th Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). For multiple reasons, Plaintiffs fail to meet their burden to establish a need for such relief.

### A. Plaintiffs' motion must be denied because the injunctive relief requested is impermissibly vague.

First, as a threshold matter, Plaintiff's requested injunctive relief cannot be granted because it fails to meet the specificity requirements for such relief.

Federal law requires that any preliminary injunction must "state its terms specifically" and "describe in reasonable detail … the act or acts restrained or required." Fed. R. Civ. P. 65(d). The injunction must be specific and narrowly tailored—injunctions that merely require a party to "obey the law" without putting a party on notice of what they must do or not do are unenforceable and prohibited. *SEC v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012). "Like unclear legislation, a vague injunction 'may trap the innocent by not providing fair warning' of what is prohibited." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1185 (11th Cir. 2010) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). Rule 65(d) "is no mere technicality" and it requires that "[a]n injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law." *Fla. Ass'n of Rehab. Facilities, Inc.*

*v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1222-23 (11th Cir. 2000); *see also Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1412 (11th Cir. 1998) (preliminary injunction relating to unspecified trade secrets violated Rule 65(d)).

Here, the requested relief is impermissibly vague both as to its subject matter and as to what actions it prohibits or compels. As to the subject matter, Plaintiffs seek an injunction covering "any of Plaintiffs' Trade Secrets or Confidential Information." Pls.' Mot. (Dkt. 2) at 1. Plaintiffs have not specified what purported trade secrets or confidential information they seek to protect, except by vague reference to something called "Tabula Rasa," which apparently is a program consisting of over 4,000 files and documents that allows users to "beat the market." Compl. (Dkt. 1) ¶¶ 11-19. Plaintiffs do not allege that they provided Wolfram any specific trade secret or confidential information, let alone the circumstances under which it was purportedly provided. Plaintiffs' only allegations that Wolfram disclosed *anything* relate to a January 2021 webinar in which nothing related to "Tabula Rasa" or Plaintiffs' confidential information appears. *Id.* ¶ 30. Thus, there is no way to determine what trade secrets or confidential information is at issue.[1]

---

[1] Plaintiffs also reference their "Bloomberg terminal," which appears to refer to a license to use Bloomberg data—certainly not Plaintiffs' trade secret or confidential information.

As to the actions prohibited, Plaintiffs seek to enjoin Wolfram (and unspecified others) from using the information "in violation of the Non-Disclosure Agreement entered into between the parties and/or in violation of the Illinois Trade Secrets Act, the Alabama Trade Secrets Act, and the federal Defend Trade Secrets Act." Pls.' Mot. (Dkt. 2) at 1-2. Notably, Plaintiffs do not ask for any information to be returned or destroyed (either of which Wolfram would gladly do if Plaintiffs would identify what Wolfram allegedly received). Wolfram thus is left in the dark as to how to comply with the relief Plaintiffs request.

In sum, Plaintiffs' request does not begin to meet Rule 65(d)'s requirements for putting Wolfram on notice of what it should or should not do. The relief is not practically enforceable, and any attempt to enforce it would lead to arbitrary, prejudicial results. For this reason alone, Plaintiffs' motion should be denied.

**B. Plaintiffs' motion must be denied because Plaintiffs fail to support it with evidence sufficient to make a *prima facie* case.**

Second, also as a threshold matter, Plaintiffs' motion should be denied because they have not supported their motion with evidence to make even a *prima facie* case. A preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (quotation omitted). While the burden on substantive issues tracks the burdens at trial, Plaintiffs bear at least the

initial burden of production of a *prima facie* case regarding all aspects of the case. *LSSi Data Corp. v. Comcast Phone, LLC*, 696 F.3d 1114, 1123 (11th Cir. 2012).

Here, Plaintiffs bear the burden of production and persuasion with respect to all elements required for a preliminary injunction, but Plaintiffs attach only three documents to their motion: a Non-Disclosure Agreement and a Consulting Contract between Wolfram and Cent Holding, and a redacted list of tasks to be performed under the Consulting Contract. Plaintiffs fail to provide any witness declarations or documents that purportedly support their allegations.

Plaintiffs simply ignore their burden to clearly establish all required elements for injunctive relief, relying instead on unverified statements copied from the Complaint and the assertion that "[a]t the evidentiary hearing on this motion, Plaintiffs will be able to demonstrate to the Court that all of the allegations of the Complaint are true." Pls.' Br. (Dkt. 3) at 10. But an evidentiary hearing is required only to resolve disputed facts—and Plaintiffs bear the burden of setting forth a *prima facie* case to dispute. *See LSSi Data Corp.*, 696 F.3d at 1123 (respondent need not produce evidence where movant has failed to meet its burden of production). Plaintiffs have failed this elementary task, and the motion should be denied for this reason alone.

### C. Plaintiffs' motion must be denied because even the allegations do not satisfy the requirements for preliminary injunctive relief.

Third, even if the Court were to consider the merits of Plaintiffs' motion, Plaintiffs still would fail to carry their burden based on the Complaint's allegations. To obtain preliminary injunctive relief, Plaintiffs must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would not be adverse to the public interest." *Trump v. Kemp*, No. 20-5310, 2021 WL 49935, at *2 (N.D. Ga. Jan. 5, 2021). Here, Plaintiffs fail to satisfy these requirements.

#### 1. Plaintiffs do not allege facts to establish a likelihood of success on the merits.

Even accepting Plaintiffs' allegations as true, they do not establish a likelihood of success on the merits. Among other things, a party seeking preliminary injunctive relief regarding disclosure of allegedly confidential or trade secret material must "plausibly allege facts that the Defendant misused confidential material or misappropriated trade secrets." *M5 Mgmt. Servs., Inc. v. Yanac*, 428 F. Supp. 3d 1282, 1295 (N.D. Ala. 2019) (denying injunctive relief). As set forth in Wolfram's Motion to Dismiss filed contemporaneously, the allegations in the Complaint fail to state any plausible claim for relief for several reasons. Most

significantly, Plaintiffs' impermissibly vague allegations of what their purported trade secret is are inconsistent with Plaintiffs' allegations of what Wolfram purportedly disclosed. *See* Mot. to Dismiss at 4-8. Plaintiffs' brief in support of their motion offers nothing more than a cut-and-paste of the unverified allegations from the Complaint and the contracts at issue and a list of work. *See* Pls.' Br. (Dkt. 3) at 1-8. For all the reasons stated in the Motion to Dismiss, Plaintiffs' motion also fails to establish a likelihood of success on the merits.

**2. Plaintiffs do not allege facts to establish imminent irreparable harm—and Plaintiffs' allegations negate the possibility of irreparable harm.**

Plaintiffs' lack of specific, plausible allegations regarding irreparable injury also requires that their motion be denied. A party seeking a preliminary injunction must establish a specific irreparable injury that will occur unless the injunction is issued; general allegations, speculative allegations, or allegations of monetary damage are not enough. *Mercedes-Benz U.S. Int'l, Inc. v. Cobasys, LLC*, 605 F. Supp. 2d 1189, 1206-07 (N.D. Ala. 2009); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1276 (11th Cir. 2001); *see also Tang v. Vaxin, Inc.*, No. 13-401, 2015 WL 1487086, at *4-5 (N.D. Ala. Mar. 31, 2015) (denying preliminary injunction where movant's failure "to show irreparable injury [was] dispositive"). Here, Plaintiffs do not identify any irreparable injury that is imminent if their motion is not granted, alleging only that "further damage is imminent" and

speculating without any factual basis that Wolfram "will begin selling a Wolfram product that, in reality, is Tabula Rasa." Compl. (Dkt. 1) ¶ 32.

Moreover, Plaintiffs unequivocally allege that the purported damage is done:

> With the webinar publication, Wolfram … effectively destroyed Plaintiffs' competitive advantage. … Plaintiffs' trade secret is no longer a secret. Plaintiffs' competitive advantage is no longer an advantage. Wolfram took the most valuable (and secret) tool in the industry, publicized it, and gave it away to the competition. …

*Id.* ¶¶ 31-32. Plaintiffs further drive the point home in their brief:

> When Plaintiffs' trade secret is given away to the industry, then Plaintiffs' competitive advantage is likewise given away. It is lost. Once lost, Cent Capital is just another hedge fund, no different than any other.

Pls.' Br. (Dkt. 3) at 14. A preliminary injunction preserves the *status quo*, and the relevant interval for irreparable harm thus is the period between when the motion is granted and trial on the merits. *U.S. v. Lambert*, 695 F.2d 536, 540 (11th Cir. 1983). Here, accepting Plaintiffs' allegations as true, whatever purported injury followed from the alleged webinar trade secret disclosure already occurred. For this additional reason, Plaintiffs cannot satisfy the irreparable injury requirement.[2]

---

[2] Though Plaintiffs argue that "courts have recognized that the misappropriation of a trade secret will cause irreparable harm," the cases Plaintiffs cite satisfied the specificity and evidentiary requirements for a preliminary injunction, unlike here (Pls.' Br. (Dkt. 3) at 13). *See N. Atl. Instruments v. Haber*, 188 F.3d 38, 42 (2d Cir. 1999) ( "printout of confidential client information from … customer database" found in defendant's possession); *IDS Fin. Servs., Inc. v. Smithson*, 843 F. Supp. 415, 418 (N.D. Ill. 1994) (defendant "admitted to the copying of client information"); *Merck & Co. v. Lyon*, 941 F. Supp. 1443, 1449-54 (M.D.N.C. 1996) (numerous documents and affidavits offered in support of allegations).

**3. Plaintiffs allege no facts to show any alleged threatened injury outweighs the harm of the relief requested.**

Having not alleged any specific, plausible irreparable injury, Plaintiffs cannot establish that any threatened injury outweighs the harm of the relief requested. *See Mercedes-Benz*, 605 F. Supp. 2d at 1206 ("If [movant] is able to establish irreparable harm, it must then show that this harm outweighs whether harm will be suffered by [respondent]."); *Curves Int'l, Inc. v. Mosbarger*, 525 F. Supp. 2d 1310, 1315 (M.D. Ala. 2007) (when movant fails to demonstrate irreparable harm, there is "no need for the court to weigh the competing hardships or assess a preliminary injunction's impact on the public interest"). Plaintiffs assert that Wolfram cannot be harmed by an injunction requiring Wolfram to follow the law, but as described above Plaintiffs are seeking vague injunctive relief that does not provide Wolfram with notice regarding what it can or cannot do. The harm to Wolfram is especially apparent given that Plaintiffs have accused Wolfram of disclosing trade secrets during a webinar in which no trade secrets can be found. The balance of harms favors denial of the motion.

**4. Plaintiffs do not allege facts to show that the entry of the relief requested would not be adverse to the public interest.**

For the same reasons that Plaintiffs cannot prevail on the balancing of harms, they also cannot prevail on whether the relief requested would be adverse to the public interest. *See Curves Int'l, Inc.*, 525 F. Supp. 2d at 1315. Vague,

unenforceable injunctions are not in the public interest, and Plaintiffs have not demonstrated that their requested relief would advance any public interest.

### D. Plaintiffs' motion must be denied because the allegations are contradicted by indisputable, well-documented facts.

Fourth, although Plaintiffs have not offered any evidence for Wolfram to dispute, Wolfram brings to the Court's attention several well-documented facts that prevent Plaintiffs from ever prevailing on their motion (or their claims).

#### 1. Contrary to Plaintiffs' allegations, the video shows that Wolfram did not disclose any trade secret or confidential information during the January 2021 webinar.

The first incontrovertible fact is the video evidence—Plaintiffs' general allegations and vague accusations regarding Wolfram's January 2021 webinar are flatly contradicted by the video of the webinar itself. A digital copy of the video is attached as Exhibit 1 to the Konieczny Declaration, and a transcript is attached as Exhibit 3. *See* Konieczny Decl. ¶¶ 4, 6, Exs. 1, 3; Decl. of Eric Schacht in Supp. of Wolfram's Opp. to Mot. for PI ("Schacht Decl.") ¶¶ 2-6. The video establishes, contrary to Plaintiffs' general allegations:

- Wolfram does not pitch a "new product" during the webinar—rather, the webinar is a demonstration of the Wolfram Finance Platform. Video Timestamp ("TS") 0:30; Konieczny Decl. Ex. 3 at 2:8-11.
- What was available for download was not a product at all but the presenter's "notebook," the document shown on the screen during the presentation. TS 5:30; Konieczny Decl. Ex 3 at 6:15-24.
- The means for integrating Bloomberg Terminal data in the Wolfram

Language shown in the webinar is a single line of code: bbgTerminal = ServiceConnect[“BloombergTerminal”]. TS 9:45; Konieczny Decl. Ex. 3 at 10:3-6.

- “ServiceConnect” is a documented, built-in function of the Wolfram Language. TS 10:00; Konieczny Decl. Ex. 3 at 10:8-10 (documentation shown on the screen).[3]

Simply put, there is no disclosure of a trade secret (or Plaintiffs’ confidential information) in the video. Instead, it is a how-to video for importing various kinds of data into the Wolfram Finance Platform using built-in functions whose existence for several years is easily established with publicly available documents. “Tabula Rasa” is not disclosed, nor is anything like what Plaintiffs describe disclosed.

The ability to import data from the Bloomberg Terminal using the Wolfram Language in general and the Wolfram Finance Platform in particular was thoroughly disclosed long before Plaintiffs began to use Wolfram’s products. *See* Konieczny Decl. ¶¶ 7-9, Exs. 4-8 (attaching publicly available disclosures of the ability to import data from the Bloomberg Terminal into Mathematica and the Wolfram Finance Platform).

Prior to filing this brief, counsel for Wolfram provided a copy of the video to counsel for Plaintiffs and repeatedly requested that Plaintiffs identify the purported trade secret disclosure. Konieczny Decl. ¶¶ 2-4, Ex. 1. Plaintiffs refused to communicate them to Wolfram. Konieczny Decl. ¶ 5, Ex. 2. It is evident from the

[3] The documentation also is available in the online documentation. *See* Konieczny Decl. at Ex. 7.

video that either Plaintiffs have a mistaken understanding of what a trade secret is, or their allegations are not made in good faith.

**2. In fact, the webinar was a slightly revised version of a similar webinar provided several months before Plaintiffs began to use Wolfram's products.**

A second incontrovertible fact, which removes all doubt that no trade secret was disclosed in the January 2021 video, is that the same presenter actually made a similar presentation—containing substantially the same information—in August 2020, before Plaintiffs allege that they began to use Wolfram's products or gave Wolfram access to any information. A comparison of screenshots at various timestamps reveals that substantially the same information was disclosed. *See* Konieczny Decl. ¶¶ 13-14, Ex. 9 (August 13, 2020 video), Ex. 10 (screenshots).

**3. In fact, Plaintiffs accessed the webinar video multiple times in the months before they filed this action, but at no time during those months did Plaintiffs raise a concern about the disclosure of a trade secret or confidential information.**

A third incontrovertible fact is that Plaintiffs' employees viewed the January 2021 video fifteen times in January, February, and March 2021, but at no time before this lawsuit was filed did Plaintiffs raise a concern about the disclosure of a trade secret or confidential information in the video. *See* Schacht Decl. ¶¶ 12-15. An unexplained delay in seeking relief undermines the argument that imminent irreparable injury will occur. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (five-month delay alone fatal to motion for preliminary

injunction). Here, Plaintiffs offer no explanation for why they did not immediately raise their purported concern regarding trade secrets with Wolfram. Instead, Plaintiffs raised only the question of whether Cent Holding's license for Bloomberg's data was used to access data during the webinar (it was not). *See* Schacht Decl. ¶¶ 8-10. That concern alone nevertheless led Wolfram to remove the link to the video from its website. *See id.* ¶¶ 11.

The unexplained delay in raising a concern about a purported trade secret disclosure that Plaintiffs now claim caused "incredible damage" is alarming and again calls Plaintiffs' good faith into question. At minimum, it establishes that there is no imminent threat of irreparable harm.

**4. In fact, Plaintiffs publicly disclosed their intent to use the Wolfram Language to analyze Bloomberg Terminal data.**

The fourth incontrovertible fact is that Plaintiffs' employees have made no secret of their intent to use the Wolfram Language to analyze Bloomberg Terminal data, as evidenced by multiple posts by Plaintiffs' employee Luke Jennings on Wolfram's publicly available online community forum pages, describing integrating Bloomberg data with the Wolfram Language. *See* Konieczny Decl. ¶ 14, Ex. 11. When compared with the January 2021 webinar, Plaintiffs' own posts on the Internet reveal significantly more about Plaintiffs' operations than Wolfram possibly could have done in the webinar. Plaintiffs' Internet posts further establish

that nothing in the webinar could have been a *bona fide* disclosure of Plaintiffs' trade secrets or confidential information.

To the extent that Plaintiffs attempt to offer evidence in support of their motion, Wolfram reserves the right to offer additional evidence in opposition. Nevertheless, the foregoing evidence establishes that the absence of evidence on Plaintiffs' part is not a mere oversight and is not curable—Plaintiffs fail to present evidence in support of their claims because the evidence contradicts those claims.

## III. CONCLUSION

For the foregoing reasons, Wolfram respectfully request that the Court deny Plaintiffs' motion and grant all further appropriate relief.

Date: May 7, 2021

Respectfully submitted,

*s/ Floyd D. Gaines*

Floyd D. Gaines
Daniel B. Snyder
GAINES LLC
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
fgaines@gainesllc.com
dsnyder@gainesllc.com
Office Number: 205.598.5055
Fax Number: 205.598.5066
Floyd Gaines Direct: 205.598.5089
Daniel Snyder Direct: 205.598.5076
*Counsel for the Defendant*

*Of Counsel*
Bradford P. Lyerla
Daniel I. Konieczny
Katherine M. O'Brien
Amie M. Bauer
Tabet DiVito & Rothstein LLC
209 S. LaSalle Street. 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
edocket@tdrlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this date, I electronically served via filing the foregoing with the Clerk of the Court using CM/ECF which will serve a copy on all counsel of records, and served via other permissible means any documents not filed through CM/ECF on the following:

Kenneth E. Riley
FARRIS, RILEY & PITT, LLP
1700 Financial Center
505 20th Street North
Birmingham, AL 35203
Phone: (205) 324-1212
Email: kriley@frplegal.com

Gregory A. Brockwell
BROCKWELL SMITH LLC
2100 1st Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 800-8505
Email: greg@brockwellsmith.com

*s/ Daniel B. Snyder*
Of Counsel